AYRES, Judge.
Plaintiff, William E. Slack, brought this action to recover damages for injuries received in a head-on collision between his pickup truck and a two-ton truck driven by a minor, Gerald Wayne Hamiter. Named defendants were Hamiter, his father, G. W. Hamiter, North Louisiana Chemicals, Inc., the employer of Gerald Wayne Hamiter, and Firemen’s Insurance Company of Newark, New Jersey, liability insurer of the chemicals company. For reasons orally assigned the trial judge rendered judgment in favor of all the defendants and plaintiff appealed.
The accident occurred about 11:00 a. m. on September 3, 1968, on the Gillman-Scott Slough Road in Caddo Parish. This road is a standard, two-lane asphalt highway and is part of the State highway system. In the vicinity of the wreck the road runs in a general north and south direction. Plaintiff was traveling north in a 1968 Chevrolet pickup truck, and defendant was traveling south in a 1967 Chevrolet two-ton truck owned by North Louisiana Chemicals, Inc. The accident occurred in a curve which was lined by tall weeds, thereby obstructing both drivers’ views of approaching traffic. A hard rain, which had fallen earlier, caused the surface of the road to be wet.
Plaintiff urges as error the failure of the trial judge to find that defendant, Gerald Wayne Hamiter, crossed the center line of the roadway and passed into the path of plaintiff’s vehicle.
Plaintiff maintains the physical evidence presented at the trial together with statements by defendant driver after the accident establish the defendant was negligent in crossing the center line and, therefore, the contrary findings by the trial court are manifestly erroneous. Plaintiff relies upon two gouge marks found near the center line in defendant’s lane and upon stains found in the middle of plaintiff’s lane as establishing the accident occurred in plaintiff’s lane. There were no witnesses to the accident other than the drivers of the two vehicles. Each testified he was in the proper lane of travel and that the other driver crossed the center line thereby causing the collision.
Deputy Clyde Parker, with the Caddo Parish Sheriff's Department, arrived on the scene some 10 or 15 minutes after the collision. As plaintiff’s witness he testi *319 fied he saw gouge marks in the road’s surface and surmised they had been caused by defendant’s truck. He calculated that the Hamiter vehicle traveled about 10 feet after the impact and stopped in its proper area of travel. He found plaintiff’s truck in the ditch on his own side of the highway facing the opposite direction from which he had been traveling. No skid marks were left by either vehicle. The deputy observed mud and small pieces of grillwork lying underneath defendant’s truck. He stated he did not notice any stains in plaintiff’s lane at the time of his investigation. Thus, Deputy Parker concluded the accident occurred in defendant’s lane.
Another officer called by plaintiff, Trooper N. F. Strange, of the Louisiana State Police, investigated the scene about 7:30 p. m. on the same day. Both vehicles had been moved by the time he arrived and the surface of the road was dry. He made twelve photographs of the scene and of the damage to the trucks. One of these photographs revealed some stains in approximately the center of plaintiff’s lane. Based upon the location of these stains Trooper Strange surmised they were caused by either oil or anti-freeze from plaintiff’s radiator which was ruptured in the collision and that the impact occurred in plaintiff’s lane.
Plaintiff also presented Joseph Barnwell, a professor of mechanical engineering at Louisiana Tech. He was accepted by the trial judge as an expert in reconstructing accidents. Over the general objection of defendant to all testimony of this witness, Barnwell testified he did not view the actual scene of the accident until May, 1970, some twenty-one months after it occurred. He identified two of the stains pictured in Trooper Strange’s photographs as antifreeze, explaining such spills are not visible on wet pavement, but they do appear as a stain after the water has evaporated.
With plaintiff’s aid Barnwell found the gouge marks at the scene of the accident. After examining the marks and measuring their distance from the center line he concluded they were made by some underneath piece of defendant’s vehicle coming in contact with the asphalt surface. He also made measurements of the underside of a truck of the same make and model as defendant’s. From these measurements and those he made of the gouge marks, Barnwell concluded that the Hamiter truck was over the center line and in plaintiff’s lane when the accident occurred.
Plaintiff contends a statement made by defendant to plaintiff after the accident precludes a finding the defendant was not negligent. E. H. Owen, who appeared on the scene shortly after the accident, testified he overheard the following conversation:
Slack: “You know you were on the wrong side of the road, don’t you ?”
Hamiter: “I guess, I don’t know.”
Hamiter’s explanation for this statement was that he saw Slack was hurt and did not want to say anything to upset him.
Several witnesses appeared for defendant and testified that shortly after the crash they observed most of the debris was in the southbound or defendant’s lane of travel.
Our careful review of the record reveals no error in the conclusions reached by the trial judge. The issues presented by this appeal are purely factual. Although there is evidence which might justify a recovery for either side, the trial judge apparently had no doubts after hearing all the evidence. We find no error in the proceeding below, and the judgment is affirmed at appellant’s cost.
Affirmed.